## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

WILLIAM RIDGE

    Plaintiff,

v.                                           CASE NO: 8:25-cv-03174

MHC PROPERTY
MANAGEMENT, L.P. (ELS),

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, WILLIAM RIDGE, (hereinafter "Plaintiff" or "Mr. Ridge"), a Florida resident, by and through the undersigned counsel, hereby files this Complaint and Demand for Jury Trial against Defendant, MHC PROPERTY MANAGEMENT, L.P. (ELS) (hereinafter "Defendant" or "MHC"), and alleges the following:

### JURISDICTION AND VENUE

1. This is an action for damages under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et al* ("ADA") for discrimination based on disability or perceived disability.

2. In this civil action Plaintiff has also brought claims against his former employer for monetary damages, declaratory relief, and for other equitable relief pursuant to the Florida Civil Rights Act ("FCRA") § 760.01, *et al*.

3. This Court has jurisdiction over Plaintiff's ADA claims under 28 U.S.C. §§ 1331 and 1343.

4. This Court has jurisdiction over Plaintiff's FCRA claims under 28 U.S.C. § 1367.

5. Venue is appropriate in the Middle District of Florida because the events giving rise to the cause of action occurred in Pasco County, Florida.

## PARTIES

6. Plaintiff, WILLIAM RIDGE, is a resident of Pasco County, Florida.

7. Defendant, MHC PROPERTY MANAGEMENT, L.P. (ELS), is a Limited Partnership principally located at Two North Riverside Plaza, Suite 800, Chicago, Illinois 60606.

8. However, Defendant operates a branch located at 41200 Roselle Loop, Zephyrhills, Florida 33540, at which Plaintiff worked.

9. Defendant is subject to the jurisdiction of this Court as it conducted business in this District and hired Plaintiff to work in this District.

10. Mr. Ridge has satisfied all prerequisites necessary to bring his claims.

## GENERAL ALLEGATIONS

11. William Ridge is a sixty-four-year-old male.

12. In 2019, MHC hired Mr. Ridge as a Maintenance Technician at Forest Lake Estates located in Zephyrhills, Florida.

13. As part of his duties, Mr. Ridge was tasked with the general property maintenance of the complex's amenities, including its trees, pools, and courts.

2

14. On July 12, 2023, MHC tasked Mr. Ridge with pruning oak trees on the property.

15. On December 7, 2023, while using a 16 foot saw to prune these trees, a large branch fell against Mr. Ridge's saw and wrenched his right shoulder backwards causing it to shatter the ball and socket joint in his shoulder.

16. This incident required Mr. Ridge to get shoulder replacement surgery to correct the issue.

17. Accordingly, on February 16, 2024, Mr. Ridge submitted a workman's compensation claim to MHC.

18. On August 1, 2024, Mr. Ridge received shoulder replacement surgery for his right shoulder. Mr. Ridge's doctor informed him that he needed six to eight weeks of rest to recover from the surgery.

19. On August 21, 2024, just twenty days after his surgery, Mr. Ridge received a call from Vicky Moor (Property Manager) asking him to come back to work.

20. Mr. Ridge told Ms. Moor that he was still recovering from his surgery and that he needed more time to recover before he could return to work. In response, Ms. Moor informed Mr. Ridge that she needed him to work and that he could do what he could to work and take it slowly.

21. Ms. Moor also told Mr. Ridge that he could take as many breaks as he needed and that he would not be rushed to finish tasks because she understood that Mr. Ridge was still recovering from his work-related injury.

22. Based on Mr. Ridge's conversation with Ms. Moor, Mr. Ridge felt that he had no other choice but to return to work.

23. So, Mr. Ridge reluctantly agreed to return to work on the condition that he would be granted accommodations allowing him to take his time and take as many breaks as he needed.

24. Mr. Ridge returned to work and tried his best to complete his assigned tasks. Upon Mr. Ridge's return, all his coworkers including—Ray Jay, Steve LNU, and Herb LNU—knew he had been granted work accommodations to help him work even with his shoulder injury.

25. Aside from his approved accommodation, Mr. Ridge noticed that MHC had other light duty jobs within the property maintenance department, which he could have been assigned.

26. For instance, there were a variety of shifts and rotations available for him to do interior cleaning work for the restrooms, billiard rooms, and the banquet halls. Mr. Ridge could have performed these jobs because it did not require as much physical labor as outdoor maintenance, thereby putting less strain on his shoulder.

27. Despite the availability of these positions, Ms. Moor insisted that Mr. Ridge return to work in the same position with the accommodations she had assigned, including allowing him to take him time to complete tasks and take as many breaks as needed.

28. On September 9, 2024, Mr. Ridge started to experience excruciating pain in his right shoulder from over-exertion at work. Despite this, Mr. Ridge pushed through the pain and kept working.

29. On September 13, 2024, Mr. Ridge continued to experience debilitating pain in his right shoulder, so he decided to take a break as part of his allowed accommodations. Mr. Ridge worked until noon that day and took a break in the break room to allow his shoulder time to recover.

30. This was the first and only time Mr. Ridge used his approved accommodations.

31. During his break, Charles Jacobson (Supervisor) saw him and asked what he was doing. Mr. Ridge told Mr. Jacobson that he was taking a break from work because his shoulder hurt a lot. Mr. Jacobson then sent Mr. Ridge home for the day.

32. On September 16, 2024, Ms. Moor called Mr. Ridge into her office and terminated him from his position for taking a break in the break room even though breaks were part of his allowed work accommodation.

33. Ms. Moor falsely accused Mr. Ridge of time theft because he had taken a break when his shoulder started to hurt.

34. Mr. Ridge has incurred attorney's fees and costs in filing this claim.

## COUNT I
## VIOLATION OF THE ADA
## FOR FAILURE TO PROVIDE A REASONABLE ACCOMODATION
## & ENGAGE IN THE INTERACTIVE PROCESS IN GOOD FAITH

35. Plaintiff, WILLIAM RIDGE, incorporates by reference the allegations set forth in paragraphs one (1) through thirty-four (34) as if set forth herein in full.

36. The Americans with Disabilities Act, 42 U.S.C. §12101, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's disability or perceived disability.

37. The ADA requires employers to grant reasonable accommodations to the known mental or physical limitations of an otherwise qualified employee unless the employer can show the accommodation would impose an undue hardship on the operation of its business.

38. When an employee requests an accommodation, this triggers an interactive process to determine the appropriate accommodation in which the employee and employer must participate. 29 C.F.R. § 1630.2(o)(3).

39. An employer who fails to engage in the interactive process in good faith is liable for disability discrimination when there is a breakdown in communication that blocks or delays an accommodation.

40. During his employment with Defendant, Mr. Ridge suffered a work-related injury which caused him to shatter the ball and socket joint in his right shoulder. While recovering from shoulder replacement surgery, Mr. Ridge regularly experienced pain, stiffness, and a limited range of motion in his right shoulder, which significantly impacted his everyday life.

41. Plaintiff is a member of a protected class and protected by the ADA from discrimination based on his disability or perceived disability.

6

42. Defendant is an "employer" within the meaning of the ADA during the time of these allegations.

43. Plaintiff has satisfied all procedural and administrative requirements set forth in the ADA.

44. Mr. Ridge was qualified for his job and was able to perform all essential functions of his job with a reasonable accommodation.

45. Defendant failed to provide a reasonable accommodation and failed to engage in the interactive process in good faith, thus leading to Mr. Ridge's termination.

46. The discriminatory conduct described herein demonstrates Defendant's failure to provide Mr. Ridge with a reasonable accommodation and its refusal to engage in the interactive process with Mr. Ridge in good faith. Defendant's actions violated the ADA and are a form of discrimination against Mr. Ridge based on his disability.

47. Defendant's actions in refusing to provide him a reasonable accommodation were reckless, willful, and malicious.

48. Defendant's actions in refusing to engage in the interactive process in good faith were reckless, willful, and malicious.

49. As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to his professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, WILLIAM RIDGE, demands entry of a Final Judgment against Defendant for the following:

A. An award of Back Pay damages;

B. An award of Front Pay damages;

C. Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D. Prejudgment interest;

E. An award of Punitive damages;

F. Reasonable attorney's fees and costs; and

G. All such other relief as the Court deems just, equitable and appropriate.

## COUNT II
## VIOLATION OF THE ADA
## DISCRIMINATION RESULTING IN
## ADVERSE EMPLOYMENT ACTION
## ON THE BASIS OF DISABILITY

50. Plaintiff, WILLIAM RIDGE, incorporates by reference the allegations set forth in paragraphs one (1) through thirty-four (34) as if set forth herein in full.

51. The Americans with Disabilities Act, 42 U.S.C. §12101, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's disability or perceived disability.

52. During his employment with Defendant, Mr. Ridge suffered a work-related injury which caused him to shatter the ball and socket joint in his right shoulder. While recovering from shoulder replacement surgery, Mr. Ridge regularly

8

experienced pain, stiffness, and a limited range of motion in his right shoulder, which significantly impacts his everyday life.

53. Plaintiff is a member of a protected class and protected by the ADA from discrimination based on his disability or perceived disability.

54. Defendant is an "employer" within the meaning of the ADA during the time of these allegations.

55. Plaintiff has satisfied all procedural and administrative requirements set forth in the ADA.

56. Mr. Ridge was qualified for his job and was able to perform all essential functions of his job.

57. On September 16, 2024, Defendant terminated Mr. Ridge from his position because of his disability or perceived disability.

58. Defendant's actions in terminating Mr. Ridge because of his disability were reckless, willful, and malicious.

59. As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to his professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, WILLIAM RIDGE, demands entry of a Final Judgment against Defendant for the following:

A. An award of Back Pay damages;

B.   An award of Front Pay damages;

C.   Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D.   Prejudgment interest;

E.   An award of Punitive damages;

F.   Reasonable attorney's fees and costs; and

G.   All such other relief as the Court deems just, equitable and appropriate.

## COUNT III
## VIOLATION OF THE ADA
## RETALIATION FOR ENGAGEMENT IN PROTECTED ACTIVITY RESULTING IN ADVERSE EMPLOYMENT ACTION ON THE BASIS OF DISABILITY

60.   Plaintiff, WILLIAM RIDGE, incorporates by reference the allegations set forth in paragraphs one (1) through thirty-four (34) as if set forth herein in full.

61.   Plaintiff is a member of a protected class under the ADA.

62.   Plaintiff engaged in protected activity under the ADA when he requested an accommodation that permitted him to take as many breaks as he needed and not be rushed to complete tasks while he recovered from his shoulder injury.

63.   Defendant retaliated against Mr. Ridge for engaging in a protected activity under the ADA by terminating Mr. Ridge after he requested a reasonable accommodation of taking as many breaks as he needed without being rushed to complete tasks while he recovered from his shoulder injury.

64.   Defendant's actions were reckless, willful and done with malice.

65. As a direct, proximate and foreseeable result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, loss of benefits, inconvenience, embarrassment, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

**WHEREFORE**, Plaintiff, WILLIAM RIDGE, demands entry of a Final Judgment against Defendant for the following:

    A.    An award of Back Pay damages;

    B.    An award of Front Pay damages;

    C.    Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

    D.    Prejudgment interest;

    E.    An award of Punitive damages;

    F.    Reasonable attorney's fees and costs; and

    G.    All such other relief as the Court deems just, equitable and appropriate.

## COUNT IV
## VIOLATION OF THE FCRA
## FOR FAILURE TO PROVIDE A REASONABLE ACCOMODATION & ENGAGE IN THE INTERACTIVE PROCESS IN GOOD FAITH

66. Plaintiff, WILLIAM RIDGE, incorporates by reference the allegations set forth in paragraphs one (1) through thirty-four (34) as if set forth herein in full.

67. The Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, et seq. ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's disability.

68. The FCRA closely mirrors the language of the ADA with respect to unlawful discrimination based on a person's disability.

69. Employers are required to grant reasonable accommodations to the known mental or physical limitations of an otherwise qualified employee unless the employer can show the accommodation would impose an undue hardship on the operation of its business.

70. When an employee requests an accommodation, this triggers an interactive process to determine the appropriate accommodation in which the employee and employer must participate.

71. An employer who fails to engage in the interactive process in good faith is liable for disability discrimination when there is a breakdown in communication that blocks or delays an accommodation.

72. During his employment with Defendant, Mr. Ridge suffered a work-related injury which caused him to shatter the ball and socket joint in his right shoulder. While recovering from shoulder replacement surgery, Mr. Ridge regularly experienced pain, stiffness, and a limited range of motion in his right shoulder, which significantly impacted his everyday life.

73. Plaintiff is a member of a protected class and protected by the FCRA from discrimination based on his disability or perceived disability.

74. Defendant is an "employer" within the meaning of the FCRA during the time of these allegations.

75. Plaintiff has satisfied all procedural and administrative requirements set forth in the FCRA.

76. Mr. Ridge was qualified for his job and was able to perform all essential functions of his job with a reasonable accommodation.

77. Defendant failed to provide a reasonable accommodation and failed to engage in the interactive process in good faith, thus leading to Mr. Ridge's termination.

78. The discriminatory conduct described herein demonstrates Defendant's failure to provide Mr. Ridge with a reasonable accommodation and its refusal to engage in the interactive process with Mr. Ridge in good faith. Defendant's actions violated the FCRA and are a form of discrimination against Mr. Ridge based on his disability.

79. Defendant's actions in refusing to provide him a reasonable accommodation were reckless, willful, and malicious.

80. Defendant's actions in refusing to engage in the interactive process in good faith were reckless, willful, and malicious.

81. As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to his professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

WHEREFORE, Plaintiff, WILLIAM RIDGE, demands entry of a Final Judgment against Defendant for the following:

A. An award of Back Pay damages;

B. An award of Front Pay damages;

C. Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D. Prejudgment interest;

E. An award of Punitive damages;

F. Reasonable attorney's fees and costs; and

G. All such other relief as the Court deems just, equitable and appropriate.

## COUNT V
## VIOLATION OF THE FCRA
## DISCRIMINATION RESULTING IN
## ADVERSE EMPLOYMENT ACTION
## ON THE BASIS OF DISABILITY

82. Plaintiff, WILLIAM RIDGE, incorporates by reference the allegations set forth in paragraphs one (1) through thirty-four (34) as if set forth herein in full.

83. The Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, et seq. ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's disability.

84. During his employment with Defendant, Mr. Ridge suffered a work-related injury which caused him to shatter the ball and socket joint in his right shoulder. While recovering from shoulder replacement surgery, Mr. Ridge regularly

experienced pain, stiffness, and a limited range of motion in his right shoulder, which significantly impacts his everyday life.

85. Plaintiff is a member of a protected class and protected by the FCRA from discrimination based on his disability or perceived disability.

86. Defendant is an "employer" within the meaning of the FCRA during the time of these allegations.

87. Plaintiff has satisfied all procedural and administrative requirements set forth in the FCRA.

88. Mr. Ridge was qualified for his job and was able to perform all essential functions of his job.

89. On September 16, 2024, Defendant terminated Mr. Ridge from his position because of his disability or perceived disability.

90. Defendant's actions in terminating Mr. Ridge because of his disability were reckless, willful, and malicious.

91. As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to his professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, WILLIAM RIDGE, demands entry of a Final Judgment against Defendant for the following:

A. An award of Back Pay damages;

B. An award of Front Pay damages;

C. Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D. Prejudgment interest;

E. An award of Punitive damages;

F. Reasonable attorney's fees and costs; and

G. All such other relief as the Court deems just, equitable and appropriate.

## COUNT VI
## VIOLATION OF THE FCRA
## RETALIATION FOR ENGAGEMENT IN A PROTECTED ACTIVITY RESULTING IN ADVERSE EMPLOYMENT ACTION ON THE BASIS OF DISABILITY

92. Plaintiff, WILLIAM RIDGE, incorporates by reference the allegations set forth in paragraphs one (1) through thirty-four (34) as if set forth herein in full.

93. Plaintiff is a member of a protected class under the FCRA.

94. Plaintiff engaged in protected activity under the ADA when he requested an accommodation that permitted him to take as many breaks as he needed and not be rushed to complete tasks while he recovered from his shoulder injury.

95. Defendant retaliated against Mr. Ridge for engaging in a protected activity under the ADA by terminating Mr. Ridge after he requested a reasonable accommodation of taking as many breaks as he needed without being rushed to complete tasks while he recovered from his shoulder injury.

96. Defendant's actions were reckless, willful and done with malice.

97. As a direct, proximate and foreseeable result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, loss of benefits, inconvenience, embarrassment, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

**WHEREFORE**, Plaintiff, WILLIAM RIDGE, demands entry of a Final Judgment against Defendant for the following:

A. An award of Back Pay damages;

B. An award of Front Pay damages;

C. Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D. Prejudgment interest;

E. An award of Punitive damages;

F. Reasonable attorney's fees and costs; and

G. All such other relief as the Court deems just, equitable and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated this 18th day of November, 2025.

                Respectfully submitted by:

                */s/ Gary L. Printy, Jr., Esq.*
                Gary L. Printy, Jr., Esq.

                                        Florida Bar No. 41956
                                        **THE PRINTY LAW FIRM**
                                        5407 N Florida Ave
                                        Tampa, Florida 33604
                                        Telephone (813) 434-0649
                                        Fax (813) 423-6543
                                        garyjr@printylawfirm.com
                                        e-service@printylawfirm.com
                                        *Lead Counsel for Plaintiff*